UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO. |
| v. | ) ) |
| NUTRISYSTEM, INC. | ) **COMPLAINT** ) **JURY TRIAL DEMAND** |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex (pregnancy), and to provide appropriate relief to Robyn Linenberg who was adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that Defendant Employer, Nutrisystem, Inc., discriminated against Robyn Linenberg because of her sex (pregnancy), when Defendant terminated Ms. Linenberg less than three weeks after she advised Defendant she was pregnant. As a result of the discrimination, Ms. Every suffered back pay losses and emotional distress.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, Nutrisystem, Inc. ("Defendant" or "Nutrisystem") has continuously been and is now doing business in the State of Pennsylvania and the town of Horsham, and has continuously had at least fifteen (15) employees.

5.  At all relevant times, Defendant Employer had continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Robyn Linenberg filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least 2006, Defendant Employer has engaged in unlawful employment practices at its Horsham, Pennsylvania facility, by unlawfully subjecting Charging Party Robyn Linenberg to discrimination because of her sex, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

    (a)  Robyn Linenberg received a Bachelor of Arts in Psychology and Criminal Justice from Temple University in 2000. In 2005, she attained an MBA degree with a Concentration in

2

Human Resources from the Keller Graduate School of Management. She has held various Human Resources positions including working as an Employment Specialist, Executive Recruiter, Career Services Counselor, and as a Regional Recruiter.

(b) In or about 2005, Robyn Linenberg began working for Defendant at its Horsham, Pennsylvania facility as a temporary Recruiter in the Human Resources Department. In December 2005, Defendant promoted Ms. Linenberg to a full-time position as a Human Resource Specialist in the Human Resources Department.

(c) Her duties as a Human Resources Specialist included, in part, recruiting exempt, nonexempt and hourly personnel and temporary staffing for all departments.

(d) At all relevant times throughout her employment, Defendant advised her that her work was satisfactory, and never disciplined her because of her performance.

(e) In October 2006, Defendant placed Ms. Linenberg in a 6-8 month leadership training program with a company named Key Leadership Initiatives ("KLI"). Some of the services offered by KLI are Executive Coaching and Leadership Development; Leaders Within; and Career Development and Planning. The purpose of the program was to help Ms. Linenberg enhance her skills and promote her leadership development.

(f) On or about November 9, 2006, Ms. Linenberg advised Defendant's Vice President of Human Resources Carol Krause, and her supervisor, that she was pregnant and was experiencing some pregnancy related complications.

(g) On or about November 28, 2006, less than three (3) weeks after advising Defendant that she was pregnant, Defendant terminated Ms. Linenberg's employment. Krause advised Ms. Linenberg that her position was going to be eliminated and that a new position was

going to be created to focus on recruiting duties. Krause advised Ms. Linenberg that she did not believe that her skills were strong enough to handle this newly created position, however, the new position entailed much of the same responsibilities that Ms. Linenberg previously performed.

(8) The effect of the practices complained of in paragraph 7(a) through (g) above has been to deprive Robyn Linenberg of equal employment opportunities and otherwise affect her status as an employee because of her sex.

(9) The acts complained of in paragraph 7 were intentional.

(10) The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Robyn Linenberg as a female.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination and any other employment practice which discriminates on the basis of sex.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination and harassment.

D.   Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination of which they become aware to the department charged with handling such complaints.

E.   Order Defendant Employer to make whole Robyn Linenberg by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.   Order Defendant Employer to make whole Robyn Linenberg by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices

described in paragraphs 7, 8 and 9 above, including but not limited to out-of-pocket losses in amounts to be determined at trial.

      G.    Order Defendant Employer to make whole Robyn Linenberg by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7, 8 and 9 above, including pain and suffering, humiliation, embarrassment, loss of life's pleasures, depression, anxiety, stress, panic, and other physical, psychological, and emotional symptoms and conditions, in amounts to be determined at trial.

      H.    Order Defendant Employer to pay Robyn Linenberg punitive damages for its malicious and reckless conduct described in paragraphs 7, 8 and 9 above, in amounts to be determined at trial.

      I.    Grant such further relief as the Court deems necessary and proper in the public interest.

      J.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>RONALD S. COOPER
>General Counsel
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>U.S. EQUAL EMPLOYMENT
>OPPORTUNITY COMMISSION
>1801 L. Street, NW
>Washington, DC 20507
>
>*/s/ Jacqueline H. McNair*
>JACQUELINE H. MCNAIR
>Regional Attorney
>
>*/s/ Terrence R. Cook*
>TERRENCE R. COOK
>Supervisory Trial Attorney
>
>*/s/ Woody Anglade*
>WOODY ANGLADE
>Trial Attorney
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>Philadelphia District Office
>801 Market Street, Suite 1300
>Philadelphia, PA 19107-3127
>Telephone (215) 440-2814

7